UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD GOLDSTEIN and INGRID GOLDSTEIN, Individually and as Co-Executors of the Estate of MARK ALLAN GOLDSTEIN, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> HAWKER BEECHCRAFT SERVICES, et al., <br><br> Defendants. | Case No. 4:16CV1732 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiffs' Motion to Remand, filed December 7, 2016. (ECF No. 44). The motion is fully briefed and ready for disposition.

**BACKGROUND[1]**

On October 30, 2014, a King Air B200 piloted by Plaintiffs' decedent, Mark Goldstein, suffered a sudden power loss on take-off from Wichita Mid-Continent Airport in Wichita, Kansas. (Plaintiffs' Petition for Damages for Wrongful Death (hereinafter "Complaint" or "Compl."), ¶¶ 31, 32). Mr. Goldstein transmitted to the air traffic control tower that he had lost an engine, but despite his efforts, he was unable to maintain positive control of the aircraft. (*Id*., ¶¶ 35, 36). The aircraft subsequently impacted a Flight Safety International building at the Wichita Mid-Continent Airport, killing Mr. Goldstein and three others. (*Id.*, ¶ 37; Plaintiffs' Suggestions in Support of their Motion to Remand ("Plaintiffs' Suggestions"), P. 2).

---

1 The Court's background section is taken primarily from Plaintiffs' Petition for Damages for Wrongful Death, to which most Defendants have not yet filed an answer.

˘ 1 ˘

On or about September 28, 2016, Plaintiffs Donald Goldstein and Ingrid Goldstein, individually and as co-executors of the estate of Mark Allan Goldstein, filed a Complaint in the Circuit Court of St. Louis County, Missouri. (Notice of Removal, ¶ 1). Plaintiffs name numerous Defendants in their Complaint, and assert claims for strict liability, negligence, breach of express and implied warranties, negligent misrepresentation, fraud, and recklessness, outrageousness, willful and wanton conduct against all Defendants, and breach of contract against some Defendants. (Compl., ECF No. 7). With respect to damages, Plaintiffs state as follows: "Plaintiffs hereby demand recovery under the applicable wrongful death and survival statutes, for all recoverable compensatory damages, including but not limited to loss of pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support, damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued…..Plaintiffs demand all available remedies pursuant to Missouri law and/or any other applicable law, including wrongful death and survival, Mo. Ann. Stat. § 537.080 *et seq.* and all additional damages available to the Plaintiffs." (*Id*., ¶¶ 81, 87).

On November 7, 2016, Defendants Beechcraft Corporation (f/k/a BAC, Inc.; Beech Aircraft Corporation; Raytheon Aircraft; Hawker Beechcraft Corporation; and Raytheon Aircraft Company) and Hawker Beechcraft Global Customer Support, LLC (f/k/a Hawker Beechcraft Services, Inc.) (together, the "Beechcraft Defendants") removed Plaintiffs' Complaint to this Court, on the basis of diversity jurisdiction. (ECF No. 1). Specifically, the Beechcraft Defendants assert removal is proper because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs[2], and there is complete diversity of citizenship between all parties as Plaintiffs were and are citizens of the State of Florida, and no Defendant is a citizen of Florida. (*Id.*, ¶¶ 14, 15-16).

As stated above, Plaintiffs filed the instant Motion to Remand on December 7, 2016, claiming diversity jurisdiction is lacking because both the Estate Plaintiffs[3] and the Beechcraft Defendants are citizens of Kansas. (ECF Nos. 44, 45).

## **DISCUSSION**

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." *Id.* (citations omitted). "The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Boschert v. Wright Medical Group, Inc.*, 2015 WL 1006482, at *2 (E.D. Mo. Mar. 6, 2015) (citing *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005)). "Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand." *Green v. Arizona Cardinals Football Club LLC*, 21 F.Supp.3d 1020, 1025 (E.D. Mo. 2014) (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

"For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between plaintiffs and defendants." *Hayes v. Travelers Indemnity Co.*, 2012 WL 5285775, at *2 (E.D. Mo. Oct. 25, 2012) (citing *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 n. 6 (8th Cir. 1991)). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (citation omitted). "Where complete diversity of citizenship does not

---

2 Plaintiffs do not dispute that the amount in controversy requirement is met.
3 Plaintiffs assert they are suing for themselves individually, and as co-executors of the Estate of Mark Allan Goldstein,

exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction." *Hayes*, 2012 WL 5285775, at *2.

In the instant case, it is undisputed that for purposes of their survival causes of action, Plaintiffs take on the citizenship of their decedent, *i.e.*, Kansas.[4] Diversity of citizenship thus is lacking on the face of the Complaint, as the Beechcraft Defendants also are citizens of Kansas. The Beechcraft Defendants nevertheless ask that this Court retain jurisdiction, pursuant to the following reasoning: First, the Beechcraft Defendants assert that for purposes of their wrongful death causes of action, Plaintiffs maintain their own Florida citizenship. Complete diversity of citizenship thus exists for those actions according to the Beechcraft Defendants, as no Defendant is a citizen of Florida. The Beechcraft Defendants next assert that this Court thus has original jurisdiction over the wrongful death causes of action, and should exercise supplemental jurisdiction over the survival causes of action as they form part of the same case or controversy. (Beechcraft Defendants' Opp., P. 1).

Upon consideration the Court will deny the Beechcraft Defendants' request, as it runs counter to the Supreme Court's ruling in *Exxon*. In that case the Court held that, "it is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon*, 545 U.S. at 552. With respect to the diversity of citizenship requirement, however, the Court explicitly declined to adopt the position urged by the Beechcraft Defendants, holding instead that while "most of the other statutory prerequisites for federal jurisdiction, including the federal-question and amount-in-controversy requirements, can be

---

which was opened in Kansas. (Plaintiffs' Suggestions, P. 2).
4 The Beechcraft Defendants devote a portion of their response to an assertion that Plaintiffs' survival causes of action fail to state a claim for relief. (*See* Beechcraft Defendants' Response in Opposition to Plaintiffs' Motion to Remand ("Beechcraft Defendants' Opp."), PP. 8-11). There is no motion to dismiss said claims pending before the Court,

analyzed claim by claim," "[i]ncomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." *Id.* at 554. *See also Id.* at 564 ("A failure of complete diversity, unlike the failure of some claims to meet the requisite amount in controversy, contaminates every claim in the action.").[5] This Court thus lacks subject matter jurisdiction, and must remand this matter to state court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri. An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this   17th   Day of January, 2017.

\s\  Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

however, and so the Court addresses the Complaint as it now stands.

5 The Court further explained the distinction as follows:

> We cannot accept the view, urged by some of the parties, commentators, and Courts of Appeals, that a district court lacks original jurisdiction over a civil action unless the court has original jurisdiction over every claim in the complaint. As we understand this position, it requires assuming either that all claims in the complaint must stand or fall as a single, indivisible "civil action" as a matter of definitional necessity—what we will refer to as the "indivisibility theory"—or else that the inclusion of a claim or party falling outside the district court's original jurisdiction somehow contaminates every other claim in the complaint, depriving the court of original jurisdiction over any of these claims—what we will refer to as the "contamination theory."….
>
> The contamination theory, as we have noted, can make some sense in the special context of the complete diversity requirement because the presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum. The theory, however, makes little sense with respect to the amount-in-controversy requirement, which is meant to ensure that a dispute is sufficiently important to warrant federal-court attention. The presence of a single nondiverse party may eliminate the fear of bias with respect to all claims, but the presence of a claim that falls short of the minimum amount in controversy does nothing to reduce the importance of the claims that do meet this requirement.

*Exxon*, 545 U.S. at 560, 562.